OF

# THE COURT OF APPEALS

## OF KENTUCKY.

SUMMER TERM, 1864.

CASE 1—MOTION—JUNE 8.

## Straus vs. Commonwealth.

APPEAL FROM JEFFERSON CIRCUIT COURT.

The right of the Commonwealth to maintain an action on a bail bond, is barred by the lapse of five years between the forfeiture of the bond and the commencement of the action. (*Rev. Stat.*, secs. 2 *and* 9, *art.* 3, *chap.* 63.)

L. A. WOOD, for appellant, cited *Crim. Code, secs*. 88, 89 ; 5 *B. & Ad.*, 86; 2 *M. & W.*, 894; 1 *Greenleaf, sec.* 41 ; 2 *Rev. Stat., p.* 127.

J. M. HARLAN, Attorney General, cited 3 *Phill. on Ev., pp.* 177, 489.

JUDGE BULLITT DELIVERED THE OPINION OF THE COURT :

This is an action against Straus upon a bail bond, which he executed as surety for one Wicke. The bond was forfeited in the year 1855. No summons was issued until the year 1863. Straus pleaded limitation; and, in our opinion, the plea should have been sustained.

Section 2, article 3, chapter 63, of the Revised Statutes, declares that " an action to enforce the liability of bail shall

be commenced within five years next after the cause of action accrued."

Section 9 of the same article declares that "the limitations prescribed in this chapter shall apply to actions brought by or in the name of the Commonwealth, in the same manner as to actions by private persons, except where a different time is prescribed by some other chapter in this revision." We find no other provision upon the subject.

In our opinion the right of the Commonwealth to maintain this action was barred by the lapse of five years between the forfeiture of the bond and the commencement of the action.

The judgment is reversed, and the cause remanded, with directions to dismiss the action.